And we will move to the final case on the argument, Calendar Today, Bock v. Steelman. All right. Counsel, you have 15 minutes aside. And when counsel for appellant is ready, you may proceed. Good morning, Your Honors. John Paladino on behalf of Appellant Ernest Bock. Quite a transition from heroin and torture to civil procedure. But let's start. At the outset, the House of – we submit a House of Cards that's been built in favor of rejecting jurisdiction is the concept that Bock is not a creditor. And they go on for four pages in their brief saying that we're not a creditor, but they don't cite one case that explains why that's so. And that's simply because it's not so. Under the Fraudulent Conveyance Act in Nevada, a creditor is someone that has a claim for payment, whether it be reduced – specifically says whether it be reduced to a judgment or not, whether it's unliquidated, whether it's contingent. So we fit that paradigm. There are also several cases talking about the RICO Act where unsecured creditors – we've cited that. It's GICC Capital Corp. versus Tech Finance Corp., three FEDSUP, 259, where an unsecured creditor brought an action to stop fraudulent conveyance under RICO. And I think we think about the concept of fraudulent conveyance or that scheme to avoid payment to creditors. It's really simple. If there were a California lender that loaned a million dollars to a Nevada debtor, and it was, let's say, a five-year note. And on year one, we realized that assets were being transferred, that they were attempting to dissipate everything or transfer things to make themselves judgment-proof. Surely the California lender doesn't have to wait until the five years on his note is up, and then he goes to court and procures a judgment before he can seek to stop the fraudulent conveyances. That's not how the Act reads. The Act reads that when you have notice of the fraudulent conveyances, that's when you're to bring your action to protect yourself and to protect against future wrongful conduct and to pull back that what was taken from the relevant estate. Counsel, I just need a couple of points of clarification here. I hope I will be easily answered. So what is the status of the litigation in New Jersey? That's a good question, Your Honor, and there was actually a motion that was filed to amend the record or supplement the record. As it stands now, the case in New Jersey is before a special discovery master. There have been no depositions of the Steelman parties or of the Bach parties to date. No depositions have been taken? Is anything scheduled? Is there a trial date? There have been depositions of third-party defendants. Okay, but no depositions of the principals. So is there a trial? Do we have any kind of – is this going to go to summary judgment? Is this going to have to go to trial? Oh, no, it's going to have to go to trial. And do you have a trial date? To my knowledge, there's no trial date. Discovery has just been pushed back, and there's actually a motion that's just been filed by Steelman to amend the plea to get a new claim. Is the Steelman guarantee here – is that in writing? Yes. Okay, and does it have a choice of law provision in it? Yes, Your Honor, New Jersey. A New Jersey law. Does it have a forum selection clause? New Jersey. Okay, so that explains why we're in New Jersey doing this and why – now, in the litigation in Nevada, as I looked at your complaint, you have two federal claims, those are the RICO claims, and everything else looks like it's sort of in the form of a declaratory judgment about some kind of fraudulent conveyance. Now, given that there's a forum selection clause and a choice of law provision for New Jersey, is the district court in Nevada at any time going to be called upon to decide whether the Steelmans are a legitimate – owe this debt to Bach? That's been raised as an affirmative defense that they are not – that we are not a debtor, that the money is not owed. I understand, but that's going to be resolved in New Jersey. I'm just wondering whether there's any point at which – oftentimes in these abstention cases, you end up with two different jurisdictions that will have the same legal question before them. I don't think that's the situation. It doesn't appear that Judge Dorsey is going to be required to decide at any time or a jury have to decide at any time whether or not there is – the Steelmans have a good defense to the money that they owe as the guarantor on this loan. Certainly the driver in the federal case is the fraudulent conveyances. All you're trying to do is to protect assets that may be owed, depending on how it's resolved in New Jersey. Yes. Okay. And is the reason you're in Nevada at all because you can't get jurisdiction over some of the entities in New Jersey, or is everybody already – Correct. Actually, this case was initiated. The New Jersey – the case that's in New Jersey now was initiated in Nevada, and they elected to move it to New Jersey. So we ended up in New Jersey in state court there. We don't have jurisdiction over the defendants in the fraudulent conveyance case in New Jersey. So your anticipation is that the case will proceed in New Jersey. In the meantime, apparently you wish to proceed with discovery with regard to the alleged fraudulent conveyances here, and you can't do that in the New Jersey action because of what? We don't have jurisdiction over any of these parties in New Jersey. The same – you have the same parties, the ones that are named as defendants in New Jersey, but you're saying there are a lot of entities that are missing from New Jersey because you can't get personal jurisdiction over them. Correct. The only people that are in New Jersey are the Scalemans personally. All of the trusts that they've set up and the corporations that they own are Nevada entities that we have no jurisdiction over. So we can't do anything. I mean, parenthetically, if we had never filed suit on the note, we could certainly bring this action under the Fraudulent Conveyance Act, under RICO, under all of the actions that try to avoid such conduct. We could have brought that in Nevada in federal court, and there would be no debate about our ability to proceed. We fit all the definitions of a creditor, so they couldn't stop that from proceeding. So the odd twist here is they're saying, hey, just because you sued us on the note, you're not allowed to proceed in Nevada. That doesn't make any sense. And they kind of try to supplement that by saying, well, now you lost a motion for summary judgment, and so you're not a creditor. Well, if they win a motion for summary judgment, okay, different story. So, Counsel, I'd like you to assume for purposes of my question that you absolutely have standing in Nevada, that you are, if not a creditor, very certainly a potential creditor entitled to protect the assets that will secure the Steelman's guarantee. Until the matter is resolved in New Jersey, I'm not sure that abstention is the right doctrine. I'm sort of bothered by this, because these are going to be very, very extensive proceedings in Nevada that may be an utter waste of time. And I'm just wondering whether until this is resolved in New Jersey, whether it's worth the time, whether it's worth the candle to proceed in Nevada, and could you be protected if we were to affirm Judge Dorsey's order but remanded to Judge Dorsey to set some kind of bond? Would that secure your client's interests? We would be comfortable with a bond. I mean, that's our primary concern here is the allegations. I note they are just allegations, but a lot of them are supported. But if you look at the record and the complaint, he said at the time of the note, I'm worth $50 million, and now he says I have nothing. But he still lives in the same mansions, drives the same fleet of cars, same boat, same jewelry, same art. Nothing's changed in his life except to say, gosh, I'm penniless. I have no assets. Is it your position that if we were to decide that a Colorado River stay is unjustified, is it your position that there's some other mechanism for staying the case? If it's something that could be a Colorado River stay, Colorado Water stay, because of parallel proceedings but it doesn't meet the criteria, is there some other mechanism for staying the case, in your view, if that's the right bucket to analyze it but it doesn't work? Yeah. My big fear is the case in New Jersey initiated in 2015 has plotted along. In large measure, it's because this motion for summary judgment, which was actually filed in, I believe, 2016 or 17, stopped the clock for two years. The judge just didn't get to it. So the case was basically stayed for two years. Then we won. And once we won, all discovery stopped. All discovery stopped on the main issue of the debt. Then it just restarted in 2021. And now there's a motion to amend to bring in a new allegation. That case may go on quite a while. So our big concern is what's happening in Nevada in the interim. And we certainly don't want to start, let's say this case goes on in New Jersey for another year, year and a half, two years. Then there's an appeal process. I mean, are we stayed while the appeal process plays out? And all the while, what we allege are hijinks have already happened. Some may never be able to be pulled back. And more may be going on. So we need to be able to protect ourselves now. Certainly, if a bond were posted in the amount of potential liability, we'd feel some level of comfort and not need to do this. But absent something like that. Could the district court issue an injunction against making any further changes in any of these assets? I think an injunction against further changes would be helpful. I mean, it would sort of freeze everything in place. If things are freezed in place, that would be helpful. It doesn't help us to the extent, as Your Honors noted, that this is not going to be finished in a week. What's going to happen is, you know, once we finish in New Jersey, we have to come out here. And if that's set, you know, come stayed for two years, my gosh, then we're starting a whole new case two years from now that could take another two years, we're going to be way out there before we ever have an opportunity to get paid. That would also be true if the district court imposed a bond. It would be true if the district court imposed a bond. I would feel much more comfortable about a bond than trying to unwind or freeze these things that have already happened. I mean, I don't even know the latest status of all these things. During the course of this proceeding, cars have been transferred, houses have been sold. We need a comfort level. And I don't think there's – I'm happy to dive into Colorado River doctrine. I spent a lot of time preparing to talk about it, but this case clearly doesn't fit Colorado River. I'm happy to answer any questions Your Honors may have. I'm looking at the clock, but, I mean, most significantly, this cannot – I'm going to jump right to Factor VIII because of the clock here, but it's a fact that it is not substantially likely that the New Jersey litigation will render the Nevada litigation moot. There's only one paradigm in which that happens, and that is if they win that case. And really, granted, summary judgment only pulled back because the judges said, hey, discovery's not complete. So I don't think you can say it's substantially likely they win, and they don't even address the Nevada issues in New Jersey. It just never happens. It would be, again, but for us filing suit in New Jersey, we'd have every right to proceed with this Nevada litigation independent of that. So just because we filed suit on the note to say, well, now we're going to preclude you from protecting your interests doesn't seem to make a heck of a lot of sense. And I am more than happy to answer any questions your Honor may have. There's a lot of ground to cover, but, again, a very limited clock here. Any questions, Your Honors? No. Why don't you keep your time for rebuttal. Thank you, Judge. Good morning. May it please the Court. Emily Ellis on behalf of the appellees. This is an exceptional case, and the District Court exercised sound discretion in staying a post-judgment Nevada action because we no longer have a judgment. And as Your Honor pointed out, it is an utter waste of time to continue the Nevada action. Counsel, I'm going to jump right in. I'm going to not, obviously you can make your standing argument, but I'm going to jump right into Moses Cone. So the way I read Moses Cone, and it strikes me as very clear, that Colorado River, which has become a less favored doctrine in the Supreme Court, but that's a different discussion, it says that the Colorado River stay is only appropriate if the state court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all. In this case, the factor isn't met unless you win in New Jersey. If you lose in New Jersey, then the test in Moses Cone isn't met, and there is not just any substantial doubt. There's like a lot of doubt. So how do you get past Moses Cone, which strikes me as saying Colorado River absolutely is inapplicable in the facts here. And I think your Honor's point is well taken. The issue we have here is that there is not a federal, exclusive federal jurisdictional claim left here. We have the RICO claims, but obviously there's concurrent jurisdiction there. Counsel, to me, the issue we have here is the district court granted a Colorado River stay. That's what the district court did, right? Correct, Your Honor. Moses Cone seems to me to say cannot, that in the circumstances here, the district court cannot grant a Colorado River stay. So tell me where I've got that wrong, because it seems to me when you have one and add another one to it, the only two you come up with is reversed. And thank you for that, Your Honor. I think where we can look at is Landis as well. There are other doctrines in which you can stay the Nevada court action, and we argued Landis. Are you aware of any appellate case anywhere in the country that has said the Landis factors can be looked at when you have a parallel state court proceeding subject to Colorado River analysis and you don't get a stay under Colorado River? Can you point to any appellate case in the country that says a Landis stay is okay in that circumstance, even if you can't get a Colorado River stay? Off the top of my head, Your Honor, I don't have a case particularly on point for that. But the point that we are arguing, Your Honor, is that this court can affirm the district court's ruling on any basis. And if we look to Landis and we look to the damage from granting the stay, we look at the hardship and inequity, and we look at the orderly course of justice and all of the different factors there, we weigh heavily towards staying. Why? How does the hardship weigh heavily? Unless you presume that your side will prevail in New Jersey, I don't understand that at all. And I don't know how we can presume that your client will prevail in New Jersey. And for that, I think, Your Honor, we have to take a step back and look at the circumstances here and how we got here. And what it is is Bach's sequence of events of how we ended up in Nevada. Well, we're not going to litigate the New Jersey case here, but I understand why we're in Nevada. We just got a response to that. There are parties allegedly involved in the fraudulent conveyances and transfers that the New Jersey court does not have personal jurisdiction over. I get that. Is that incorrect? No, Your Honor. What we have though. Is that correct? Let me try. It is correct.  to come to Nevada. So where's exactly the hardship in not letting them proceed? So if we're looking at what we have in Nevada, we've got the fraudulent transfer claims, right? And underneath that is the Steelman's defenses to that guarantee. Oh, defenses which I've got to say first lost on summary judgment to begin with. So it's not like they're overpowering. And to be honest, I've seen lots of cases, and certainly good faith and fair dealing is a viable defense, but it's not a defense I see succeeding all that often. So I don't have any basis to presume that your client will prevail in New Jersey, and you don't have to prevail in New Jersey to have jurisdiction here or to have standing to bring a claim. I read your argument to the contrary. I don't think there's any chance it prevails. And so I don't understand how the hardship weighs so heavily in favor of your clients if the Nevada action is allowed to proceed. And what we have in Nevada, Your Honor, is not just the Steelman's and Bach litigating. We also have 22 additional defendants. All of which are involved, allegedly, in the fraudulent transfers. Somehow I'm not sure I understand, and by their names seem to be involved with the Steelman family. I'm not sure I understand exactly what additional hardship is added there either. And the problem is, Your Honor, is exactly to the point. We could be litigating in Nevada for years and years and years, all for naught, when the New Jersey court rules against Bach. But if it doesn't, what you're hoping to accomplish, it appears, is to put off the possibility of pursuing the claims in Nevada successfully because you've got that much more time to try to sequester assets someplace else. That's the balance of hardships we have to weigh. And unless you presume that your client will purvey in New Jersey, which I say is hard to presume, I don't understand how the balance of hardship weighs so heavily in favor of your clients as you've alleged. And I think it's important to note that the New Jersey action is not just a breach of the guarantee and then a defense to it and we put it aside. What it is, and importantly, the Supreme Court in New Jersey revived the Steelman's third-party complaint. Well, it was the appellate division that revived it, and it revived it by saying it was premature. It didn't suggest that there was a really good, viable defense here. It just said it's premature, you haven't had discovery. Go back and do it right. Yes, you're correct, Your Honor. That doesn't tell me that your client is likely to prevail in New Jersey. And if I don't assume that, then I go back to the question I tried to oppose initially, which is if we don't presume that, how is it that we can say the balance of hardship weighs so heavily in favor of your client as you've argued? And if we're looking at the balance, Your Honor, the hardship to Bach versus the hardship to the Steelman's and the 22 other parties, you were discussing this before with my opposing party, is the fact that an injunction could clearly satisfy, right? What about a bond? Would your side agree to a bond? I'm sure they wouldn't be happy about it, but a bond would obviously suffice, and it would definitely make sure that their concern over alleged transfers, over alleged moving around of money and selling off assets, that's not a concern. We're just talking about money at the end of the day. To this point, the district court's order says Bach requests that if I grant a stay, I condition it on the Steelman's posting a $35 million bond in the court. What was your position in front of the district court on that issue? We opposed a bond, Your Honor. However, an injunction would do exactly what they're arguing, that they're going to be prejudiced by, that they're going to have, they don't know what's going to happen. Of course, if we affirm there can't be an injunction because there's a Colorado River stay. Correct. An option for the court would be to remand back down and have Judge Dorsey issue, they can file a motion for preliminary injunction, and I will note we've been litigating this case since 2019, and they not once filed a motion for a preliminary injunction because they understand at the end of the day they're looking for money. If they wanted to freeze all of the assets, they could have done so. This court is well within its discretion to reverse down and ask the court to do just that. Would your client stipulate to the entry of an injunction? I believe they would, Your Honor. So if it goes back to the district court, that's an option the district court can pursue. Right, and then our clients aren't severely prejudiced by having to go through years and years and years of litigation that could possibly just go away with the ruling in the New Jersey court, and then their alleged harm is no longer. And one thing I wanted to note, too, is that when, well, I'll pause. Did I answer your question? Yes. Okay. Is when the court in New Jersey revived the Steelman's claims, it was not just against Bach. There are co-conspirators in the New Jersey action that we now have the third-party complaint against, and there's conduct in New Jersey that has to be decided under New Jersey law. And those threshold issues are paramount and must be decided before we come to Nevada to litigate a post-judgment action. Well, is that true simply because the parties, the additional parties in the Nevada action can't be made involuntarily parties to the New Jersey action because they don't have, New Jersey doesn't have personal jurisdiction over them? What would happen if it were proposed that all of the defendants in the Nevada action accede to the jurisdiction of the New Jersey court? Would your clients agree to that? Because if the answer is no, then it's not hard to understand the concern of Bach. Just so I understand your question correctly, whether all of the defendants in the Nevada action would stipulate to being moved over and litigating these claims in New Jersey? Being subject to the jurisdiction of the New Jersey court. And then litigating the fraudulent transfer, the RICO, and all of those claims there? There'd be one lawsuit covering everything. It would surely be more efficient, Your Honor, and obviously I haven't had the opportunity to discuss that with our clients. But again, we'd be running into an issue of the actual instrument upon which the guarantee, the entire case rests, is at issue. And so we have a problem there, Your Honor, and it's not just breach of guarantee and then good faith and fair dealing. There are a bundle of claims in the New Jersey action that deal with the other New Jersey parties and their misconduct. But it would certainly, to Your Honor's point, be more efficient if everything were brought there, Your Honor. Or if the case here were stayed with an injunction as we've talked about today. There's a difference between those two things. Because if the action in Nevada is stayed as it is currently, then the plaintiff can't do anything to try to investigate or pursue the allegedly fraudulent transfers. If the case is in New Jersey, if everybody's in one happy courtroom, then the judge adjudicating that matter could try to pick and choose and sequence discovery in the way that courts frequently do. That's not possible now. And it's not possible now because the Nevada court has simply stayed the action. And that's a problem. So that's why I'm curious as to whether all of the defendants would be willing to submit themselves to the jurisdiction of the New Jersey court. And if they want to argue it's inefficient to permit discovery to proceed, you make that argument to the discovery master or the magistrate judge or whoever's presiding over that part of the proceedings. Yes, Your Honor. That would be a more efficient way. And as you suggest, the court could then say, we're going to just address the threshold issue of the enforceability of the guarantee first. But it wouldn't necessarily have to say that. Correct. The judge could also say, no, we're going to let that proceed as well on a parallel track, which commonly happens in lawsuits. Correct. And as you note, and following your logic, here the Nevada court needs that threshold issue decided, and we can't here. Because it is, as counsel said, the guarantee. It needs it to be decided only because of the argument that you made that it should be subject to a Colorado River stay, which I have to concede, as my colleague suggested, doesn't really seem to align with what the Supreme Court has told us. And so if the Colorado River stay isn't there, then the question becomes, well, who can best supervise this whole proceeding? Correct. And given the fact that the guarantee has that New Jersey law provision, that would be the appropriate place for that New Jersey court to deal with those issues first, Your Honor. Are there any other questions? I see I'm at 35 seconds, so I just wanted to make sure to address any further questions. No further questions. Thank you. And we would submit, Your Honors, that there, as we've talked about today, there are ways in which we can preserve the judicial resources, ways in which we can address the hardships on the parties, but to have the Nevada case proceed while the New Jersey court is such in flux is not appropriate and would not preserve any judicial resources and would waste everyone's time, Your Honors. Thank you. Counsel, you have some time for rebuttal. Thank you. One off the box, the Nevada case is not a judgment case. It's a case that could have been filed, as I mentioned before, could have been filed sans any lawsuit in New Jersey, sans any judgment. We have a right here to stop fraudulent conveyances, to unwind the clock, and to stop things from happening further. The concern with a bond, which we're in a betting town, they're not going to post a bond, but the concern with a bond, and more so with an injunction, is these things have already happened and it freezes the clock on our discovery. There's a lot of work to be done here to prove the claims we've made, so we want to move forward with that. The discovery schedule, actually, that the judge had initially provided in federal court was pretty close to what was going on in state court, and state courts had some setbacks. So those things scare us. As to the concept of everybody bringing the party to New Jersey, okay. I don't think anybody's going to agree to that on the other side of the table, but I'd be good with that. We'll fight everything in New Jersey if everybody will submit to jurisdiction. Beyond that, it's really as simple as, respectfully, the Colorado River Doctrine does not allow a stay in this setting. It really can't happen. That's just the law. I have nothing further, Your Honor. All right, we thank counsel for their arguments. The case just argued will be submitted. And with that, we are adjourned for the day. All rise.
judges: CLIFTON, BYBEE, BENNETT